# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **JESSICA ELLIS**, individually and on behalf of others similarly situated, | Case No. |
| Plaintiff, | |
| v. | **COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |
| **BUNGE NORTH AMERICA, INC.**, | |
| – and – | **JURY DEMAND ENDORSED HEREON** |
| **BUNGE NORTH AMERICA (EAST), L.L.C.**, | |
| – and – | |
| **BUNGE MILLING, LLC**, | |
| Defendants. | |

Named Plaintiff Jessica Ellis ("Named Plaintiff"), individually and on behalf of others similarly situated, files this Collective and Class Action Complaint against Defendants Bunge North America, Inc. ("Defendant Bunge"), Bunge North America (East), L.L.C. ("Defendant Bunge East"), and Bunge Milling, LLC ("Defendant Bunge Milling") (collectively, "Defendants") for their failure to pay employees all overtime wages earned, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111.

# INTRODUCTION

1. This case challenges certain policies and practices of Defendants that violate the FLSA and OMFWSA for failure to pay employees for all compensable time, resulting in unpaid overtime.

2. Named Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. §216(b).

3. Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of and the OMFWSA on behalf of other similarly situated employees employed by Defendants in Ohio.

# JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants operate in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

# PARTIES

**A. Named Plaintiff**

7. Named Plaintiff Jessica Ellis is an individual who has been employed by Defendants, individually or jointly, from approximately October 2023 through the present, as an hourly, non-exempt production employee. Specifically, Named Plaintiff Ellis has

been employed by Defendants as an hourly elevator operator at Defendants' location in Delphos, Ohio.

8. During her employment, Named Plaintiff worked 40 or more hours in one or more workweek(s).

9. During her employment, Defendants did not compensate Named Plaintiff for integral and indispensable work. As a result, Named Plaintiff was not fully and properly paid for all hours worked, including overtime wages, in violation of the FLSA and/or OMFWSA.

**B. Defendants**

10. Defendant Bunge is a for-profit New York corporation with its headquarters at 1391 Timberlake Manor Parkway, Chesterfield, Missouri 63017.

11. Defendant Bunge East is a for-profit Delaware limited liability company with its headquarters at 1391 Timberlake Manor Parkway, Chesterfield, Missouri 63017.

12. Defendant Bunge Milling is a for-profit Delaware limited liability company with its headquarters at 11720 Borman Drive, St. Louis, Missouri 63146.

13. Defendants, individually and jointly, constituted a single integrated enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

14. Defendants, individually and jointly, constituted employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

15. Defendants, individually and jointly, are engaged in commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1), in that they, individually and jointly, have employees, including Named Plaintiff and others similarly situated, engaged in commerce or in the production of goods for commerce.

16. Defendants, individually and jointly, have an annual gross volume of sales made or business done of not less than $500,000.00.

## FACTS

**A. Defendants have been individual and joint employers of Named Plaintiff and those similarly situated.**

17. Defendants are jointly and severally liable for the overtime violations alleged herein as joint employers of Named Plaintiff and those similarly situated.

18. Defendants are in the business of agribusiness and food production. Defendants are engaged in the processing, distribution, and trade of agricultural commodities, including grain, oilseeds, and food ingredients, with operations across multiple U.S. locations.

19. Defendants jointly employ and/or employed Named Plaintiff and others similarly situated in their business.

20. Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

21. At relevant times, Defendants shared direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees.

22. At relevant times, Defendants shared direct or indirect control and authority over the working conditions of Named Plaintiff and those similarly situated.

23. At relevant times, Defendants jointly hired and fired employees, supervised and controlled the work scheduled and conditions of employees, determined the rate and method of pay, and/or maintained employee records.

**B. Defendants failed to pay Named Plaintiff and those similarly situated for all time worked, resulting in unpaid overtime.**

24. Named Plaintiff and others similarly situated were required to complete shift "relief" (or turnover or "pass down"), in which the oncoming employee discussed the preceding shift with the employee to be relieved regarding any issues that may have arisen during their shifts.

25. Named Plaintiff and others similarly situated are required to arrive early and/or stay late to complete "relief" at the beginning and/or end of their shifts.

26. However, Defendants generally only pay these employees beginning at their scheduled shift start until their scheduled shift end time, thereby failing to pay them for their compensable time spent completing "relief."

27. Receiving and giving relief is integral and indispensable to the work that Named Plaintiff and others similarly situated were hired to perform. For example, relief was mandated by Defendants because Named Plaintiff and others similarly situated could not perform their jobs effectively without first receiving and relaying critical worksite information during "relief." This shift relief process is essential to the continuity of Defendants' operations.

28. Defendants' companywide policies described herein resulted in Named Plaintiff and other similarly situated hourly production employees performing integral and indispensable work that went unpaid.

29. Defendants failed to pay Named Plaintiff and others similarly situated for all wages earned.

30. Similarly, Named Plaintiff and others similarly situated routinely worked more than 40 hours per workweek. Therefore, Defendants failed to pay Named Plaintiff and other similarly situated hourly production employees for all overtime earned.

31. As a result of Defendants' companywide policy and/or practice described above, Defendants knew or had reason to know that they were not compensating Named Plaintiff and other similarly situated hourly production employees for all wages that they actually earned, including overtime pay.

32. The exact total amount of compensation, including overtime compensation, Defendants failed to pay Named Plaintiff and others similarly situated is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

33. Defendants' conduct was willful, reckless, and in knowing violation of the FLSA. Despite being aware of their obligations under federal and state wage laws, Defendants deliberately failed to compensate employees for integral and indispensable pre- and post-shift work. Defendants could have tracked this time through their payroll and timekeeping systems but did not to do so, evidencing a reckless disregard for their wage payment obligations.

## FLSA COLLECTIVE ALLEGATIONS

34. Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and all other similarly situated employees of the following opt-in collective:

6

> **All current and former hourly production employees of Defendants who worked at least one workweek during the three years preceding the filing of this Complaint to its final resolution who were paid for 40 or more hours of work in any workweek and performed shift relief (the "FLSA Collective" or "FLSA Collective Members").**

35. Named Plaintiff and the putative FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

36. During all relevant times, Defendants did not compensate Named Plaintiff and the putative FLSA Collective Members for all overtime wages earned.

37. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

38. The identities of the putative FLSA Collective Members are known to Defendants and readily identifiable through Defendants' records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## RULE 23 CLASS ACTION ALLEGATIONS

### Ohio Class Action Allegations

39. Named Plaintiff Ellis brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other current or former persons employed by Defendants in Ohio within the last two years ("Ohio Class") defined as:

> **All current and former hourly production employees of Defendants in Ohio who worked at least one workweek during the two years preceding the filing of this Complaint to its final resolution who were**

7

**paid for 40 or more hours of work in any workweek and performed shift relief**.

40. The Ohio Class is so numerous that joinder of all class members is impracticable. Named Plaintiff Ellis is unable to state the exact size of the potential Ohio Class but, upon information and belief, avers that it consists of at least forty (40) people.

41. There are questions of law or fact common to the Ohio Class including whether Defendants failed to pay their employees for all earned overtime.

42. Named Plaintiff Ellis will adequately protect the interests of the Ohio Class. Her interests are not antagonistic to but, rather, are in unison with the interests of the Ohio Class members. Named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Ohio Class in this case.

43. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class are common to the class and predominate over any questions affecting only individual class members.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## CAUSES OF ACTION

## COUNT ONE
### (FLSA Overtime Violations)

45. All preceding paragraphs are realleged as if fully rewritten herein.

46. Named Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of themselves and the FLSA Collective Members who may join this case pursuant to 29 U.S.C. § 216(b).

47. The FLSA required that Defendants' non-exempt hourly employees receive overtime compensation when they worked in excess of 40 hours in a workweek.

48. As hourly non-exempt employees, Named Plaintiff and the FLSA Collective Members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

49. Defendants failed to pay the required overtime compensation to Named Plaintiff and the FLSA Collective Members.

50. At all relevant times, Defendants knew they were required to pay Named Plaintiff and the FLSA Collective Members overtime compensation.

51. By engaging in that practice, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

52. As a result of Defendants' violations of the FLSA, Named Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. They are entitled to unpaid overtime compensation and liquidated damages pursuant to 29 U.S.C. § 216(b).

## COUNT TWO
### (Ohio Overtime Violations)

53. All preceding paragraphs are realleged as if fully rewritten herein.

54. Named Plaintiff Ellis and other similarly situated employees regularly worked more than 40 hours per workweek for Defendants.

55. The OMFWSA requires that Defendants pay their hourly non-exempt employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

56. During their employment with Defendants, Named Plaintiff Ellis and other similarly situated employees were required to perform unpaid compensable work, resulting in unpaid overtime in violation of the OMFWSA.

57. The unpaid pre- and post-shift work Plaintiff Ellis and other similarly situated employees performed was at Defendants' specific direction, or, alternatively, pursuant to an express provision of a written or unwritten contract or collective bargaining agreement. Therefore, the exemptions under Ohio R.C. 4111.031 do not apply. *See* Ohio R.C. 4111.031(B)(2) and (C)(1).

58. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the OMFWSA.

59. As a result of Defendants' practices, Named Plaintiff Ellis and other similarly situated employees have been damaged because they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff, on behalf of herself and all persons similarly situated, pray that this Honorable Court:

      A.      Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

      B.      Certify this case as a class action under Fed. R. Civ. P. 23 as to the Ohio Class;

      C.      Find that Defendants failed to keep accurate records and that, as a result, Named Plaintiff, the FLSA Collective Members, and the Ohio Class Members are entitled to prove their hours worked with reasonable estimates;

      D.      Enter judgment against Defendants, jointly and severally, and in favor of Named Plaintiff, the Opt-Ins who join this case pursuant to the FLSA, and the Ohio Class;

      E.      Award Named Plaintiffs, the Opt-Ins who join this case pursuant to the FLSA, and the Ohio Class actual damages for unpaid wages and/or overtime;

      F.      Award liquidated damages to Named Plaintiffs, the Opt-Ins who join this case pursuant to the FLSA, and the Ohio Class to the maximum amount permitted by applicable law;

      G.      Award Named Plaintiffs, the Opt-Ins who join this case pursuant to the FLSA, and the Ohio Class attorneys' fees, costs, and disbursements;

      H.      Award Named Plaintiffs, the Opt-Ins who join this case pursuant to the FLSA, and the Class further and additional relief as this Court deems just and proper.

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (OH 0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

Robi J. Baishnab (OH 0086195)
1360 East 9th Street, Ste. 808
Cleveland, OH 44114
Telephone: (216) 230-2944
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (OH 0085586)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Counsel for Named Plaintiff*